UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. | No. C 07-2107 MHP (pr) |
| CHRISTOPHER K. ROWAN, | **ORDER OF DISMISSAL** |
|     Petitioner. | |

This action was opened when the court received from Chistopher Rowan two cover letters, a copy of a petition for writ of habeas corpus he had filed in 1995, copies of newspaper clippings about his 1991 trial, and a document captioned "points of interest not cited on appeal." One of the cover letters states that the 1995 habeas petition raised a Sixth Amendment claim but had failed to discuss "the many behind the scene issues that raise even greater violations of ones constitutional rights that were perpetrated both pre and post conviction." Feb. 26, 2007 letter (errors in source). In the other cover letter, Rowan asks Chief Judge Walker to "review the enclosed material and ask yourself is this case for real and were the weights of justice equally represented or were they all on one side of the scale." April 12, 2007 letter.

The materials received from Rowan were understood to be a new habeas action under 28 U.S.C. § 2254, and a new habeas action was opened. Rowan's materials do not indicate – and the court is not aware of -- any other jurisdictional basis for the court to examine his state court conviction or sentence.

The materials submitted by Rowan are an improper second attempt to have federal habeas review of Rowan's 1991 conviction and sentence from Napa County Superior Court. Rowan's first federal habeas action was dismissed on the merits, <u>Rowan v. Kernan</u>, Case No. C 95-1290 CAL.  The order of dismissal discussing the merits of the claims in the 1995 habeas petition is available on Westlaw at 1995 WL 674904 (N.D. Cal. 1995).

Rowan must obtain permission from the Ninth Circuit to file a second or successive petition before this court will consider it.  This court cannot overlook the requirement that a second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  Rowan apparently has not sought or obtained such an order from the Ninth Circuit.

If Rowan wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition.  He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA  94103), rather than to this court.  In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

For the foregoing reasons, this action is dismissed without prejudice to Rowan filing a new habeas petition if he obtains permission from the Ninth Circuit.  Rowan should not file any more documents in this action.  If he ever obtains permission from the Ninth Circuit to file a second or successive petition, he must file a new habeas petition, and a new case number will be given to that new petition.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 3, 2007

_____
Marilyn Hall Patel
United States District Judge

2